## Jim Reno v. The State.

### No. 4484.   Decided February 10, 1909.

**1.—Local Option—Charge of Court—Sale.**

Where upon trial of a violation of the local option law the question of sale was submitted in the very terms asked by the defendant, there was no error.

**2.—Same—Amended Motion for New Trial—Arrest of Judgment—Contest of Elections.**

Where no reason was stated in the amended motion for new trial and in arrest of judgment why the same were not filed within the two days allowed by law, it will be presumed, in support of the action of the court overruling the motion, that there was no ground for filing the motion later; besides, as the complaint concerned the validity and regularity of the election the same could not be reviewed in this manner, but only by direct contest.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, $25 and sixty days confinement in the county jail.

The opinion states the case.

*A. G. Walker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

Ramsey, Judge.—Appellant was charged by complaint and information in the County Court of McCulloch County with the unlawful sale of intoxicating liquors in said county. He was convicted and his punishment assessed at a fine of $25 and sixty days imprisonment in the county jail.

After making proof that prohibition was legally adopted in McCulloch County, Texas, the State introduced one E. G. Nelin, who testified that about the 1st of February, 1908, he bought a pint of whisky from Jim Reno; that at the time they were in the back alley, back of Tom Baker's meat market. Touching the transaction, he says: "He had the bottle of whisky in his pocket and just took it out of his pocket back there in the alley and delivered it to me. The price of it was seventy-five cents. I do not know whether I paid for it or not. I knew what the price had always been, and I understood I was to pay for it. Reno said afterwards that I had not paid for it, and I thought I had. But whether I paid for it or not I understood that I was to pay for it. I did not understand that it was a gift to me and I did not accept it as a gift. I do not remember whether I paid for the whisky or not. If I did not pay for

it when I got it I do not reckon I have paid for it yet. I do not remember that I made any promise to pay for it, but I did not expect to get it for nothing. I said seventy-five cents was the price of the whisky, because I knew the price."

The court instructed the jury in his general charge, in substance, that if they believed beyond a reasonable doubt that appellant sold the intoxicating liquor to Nelin on or about the day named in the information they would find him guilty. At the request of counsel for appellant the court instructed the jury as follows: "You are instructed unless you find that the witness E. G. Nelin paid for the whisky at the time he bought it, or promised to do so, you will find the defendant not guilty and so say by your verdict." There was no other special instruction asked touching any phase of the case.

The proof is conclusive, as we believe of the guilt of appellant, and the only issue on which a doubt could be raised was as to whether the transaction constituted a sale or not, which was submitted in the very terms asked by appellant.

2. The trial and conviction was had on the 16th day of April, 1908. The original motion for new trial was filed on the same day. On the 28th day of April, 1908, appellant filed his amended motion for new trial and in arrest of judgment, in which was questioned the validity and regularity of the orders of the commissioners court of McCulloch County, putting local option in effect therein. Counsel for the State moved to strike out so much of the amended motion for new trial as purported to be a motion in arrest of judgment, because it was not filed within two days after conviction, and because no reason for delay in filing same was alleged. We have heretofore held that the statute touching the filing of motions for new trials and in arrest of judgment, providing, in substance, that such motions must be filed within two days, is ordinarily to be operative and controlling. And that where, as in this case, no reason is given why such motion was not filed within the time allowed by law, we would presume, in aid and support of the action of the court, that there was no grounds justifying the filing of such motion after the time allowed by law and the time to review the decisions of the court touching such matters. This question does not become important in this case, however, for the reason that under the act of the last Legislature, all objections to local option elections are required to be brought under review by direct proceedings to annul and set aside such elections, and in the absence of such proceedings, timely had, their due enactment and regularity will be presumed. Again, we think if it were important or necessary to be decided, that the proceedings were in all respects regular.

Finding no error in the judgment of the court, the same is hereby in all things affirmed.

*Affirmed.*

[Motion for rehearing denied.—Reporter.]