## JIM RENO v. THE STATE.

### No. 3961. Decided May 19, 1909.

**1.—Local Option—Identification.**

Where upon trial of a violation of the local option law, the prosecuting witness was not positive as to the identity of the defendant, but the sheriff testified that the defendant was the man whom the prosecuting witness pointed out as the man from whom he bought the whisky, and there was no further evidence on this point, the verdict will not be disturbed.

**2.—Same—Evidence—Bill of Exceptions—Identity.**

Where upon trial of a violation of the local option law, the prosecuting witness was not positive as to the identity of the defendant, there was no error in permitting the officer to testify that defendant was the man whom prosecuting witness pointed out as the one who sold him the whisky; besides there was no specific objection in the bill of exceptions.

**3.—Same—Charge of Court—Practice.**

Upon trial for a violation of the local option law, where the jury after the case was submitted communicated with the court upon the court's ruling on certain testimony, to which the court responded in a wholly unobjectionable manner there was no error.

**4.—Same—Motion for New Trial—Amended Motion—Motion in Arrest of Judgment.**

Where defendant was convicted of a violation of the local option law and on the same day filed a motion for new trial alleging that the conviction was contrary to the law and the evidence; and twelve days thereafter filed an amended motion for new trial, embracing a motion in arrest of judgment attacking the validity of the information, the same was correctly stricken out on motion of the State, as being filed too late.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, $25 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted on a complaint filed in the County Court of McCulloch County on a charge of selling intoxicating liquors therein in violation of the local option law, and appeals to this court, and seeks a reversal of the judgment of conviction on many grounds.

On the trial the person to whom the liquor was charged to have been sold, Ben Cravey, testified that, at the request of Mr. Lee, the justice of the peace, he went with sheriff Sansom to point out the man from whom he bought the whisky. On cross-examination he testified as follows: "I did not know the man's name who sold me the whisky. I will not say positively that Mr. Reno is the man who sold me the

whisky. I don't remember whether the man who sold me the whisky had on glasses or not." Pointing to defendant in courtroom, witness said: "I will not swear positively now that this was the man." The State introduced Mr. Sansom, sheriff, who testified that he remembered the occasion when Cravey was before the court of inquiry about the 17th day of February, 1908, and at the request of Mr. Lee, the justice of the peace, who asked him to go with the witness, who would point out the man from whom he got the whisky. That he went with Cravey for the purpose of identifying the man he had bought the whisky from. And in addition they went down the street to about the Marsden Building, and he identified the man and pointed him out to me. He identified and pointed out Jim Reno, the defendant in this case, as the man. There was no testimony offered by the defendant.

A bill of exceptions was tendered by counsel for appellant in respect to the admission of testimony, which was refused by the court, and the court prepared and filed a bill in lieu of the one tendered him by counsel for appellant. This bill recites that the two questions asked the sheriff, in response to which he stated that Cravey had pointed out and identified appellant as the person selling him whisky on the occasion mentioned above, were objected to, but no ground of objection appears in the bill. The court also makes the further explanation that Cravey himself had testified to all the matters proven by the sheriff, except that he did not know the name of the man from whom he said he had bought the whisky, and could not at the time of the trial identify him. We think in any event, connected as this matter is, and in the light of the testimony of the witness Cravey, that the man who sold him the whisky was the same man pointed out by him to Sansom, was admissible, and certainly, in the absence of any specific objection, it was not a matter about which appellant could complain.

2. After the case was submitted to the jury the following written communication was addressed by one of them to the court: "Did judge overrule Walker's objection to Sansom's testimony to witness identification of Jim Reno," to which the court gave the following answer: "In reply to your question, you are instructed that the objections made by Walker and sustained by this court was to questions asked Sansom, but to which he never replied because said objections were sustained. The testimony actually given by Sansom was not excluded, and is before you for your consideration." The bill of exceptions last above considered recites that, among other things, the county attorney asked the witness Sansom: "What did Cravey say when he pointed out this person?" Objection was made to this question and the objection sustained. The portion of Sansom's testimony above set out was admitted, and considering the reply of the court, in the light of the record, it seems to be wholly unobjectionable, and not subject to the criticism that it was either argumentative or not in response to the questions asked by the jury.

3. Appellant was convicted on the 16th day of April, 1908. On the

same day he filed a motion for a new trial, to the effect in substance that the judgment of conviction was contrary to the law and the evidence. Thereafter, on April 28th, he filed an amended motion for new trial, and embraced in same also a motion in arrest of judgment, in which, among other things, he questioned the validity of the affidavit and information on the ground of a variance between same in respect to the date of the alleged offense. Counsel for the State filed exceptions to all that portion of the motion which purports to be a motion in arrest of judgment, and asked that the same be stricken out because not filed within two days after conviction, as required by statute, and because, further, same was filed after the expiration of two days from the time the verdict was rendered herein, convicting defendant, and was not filed within the two days after the verdict was rendered, as required by law, but was filed twelve days thereafter, and no reasonable cause for the delay in filing same or for the failure to file same within the time allowed by statute is alleged therein. This motion was sustained by the court, and said motion in arrest of judgment was stricken out and not considered. In this there was no error. See Code Crim. Procedure, article 826, and Reno v. State, 56 Texas Crim. Rep., 229, 117 S. W. Rep., 129.

Finding no error in the record, the judgment of conviction is affirmed.

*Affirmed.*